# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2896 | **DATE** | 4/25/12 |
| **CASE TITLE** | Kenneth Smith (N74655) vs. Marcus Hardy, et al. | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $15.18 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. Plaintiff's motions for appointment of counsel and law library access (Dkt. Nos. 4, 5), are denied. Plaintiff's counsel shall submit a proposed amended complaint in conformance with Rule 11 by no later than thirty days from the entry of this order. Summonses shall not issue at this time.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

     Plaintiff Kenneth Smith, an inmate at the Stateville Correctional Center, has brought a civil right suit pursuant to 42 U.S.C. § 1983. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), complaint for an initial review pursuant to 28 U.S.C. § 1915A, (Dkt. No. 1), and motions for appointment of counsel and prison law library access (Dkt. Nos. 4, 5).

     The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $15.18. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

     Turning to an initial review of the complaint, plaintiff has brought a pro se complaint alleging improper use of force and deliberate indifference to his objectively serious medical needs at the Stateville Correctional Center. He also brings a motion for appointment of counsel and access to the prison law library. (Dkt. Nos. 4, 5). Despite plaintiff's pro se motions and complaint, attorney Peter R. Coladarci has filed an appearance on plaintiff's behalf.

     When an attorney voluntarily appears on a plaintiff's behalf in civil litigation, that attorney becomes

| STATEMENT |
|---|

the plaintiff's agent representing him in the litigation. *Bakery Machinery & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009). The attorney must comply with Rule 11 of the Federal Rule of Civil Procedure when filing documents with the Court. Additionally, a plaintiff cannot bring his own filings when he is represented by counsel — there is no right to a hybrid arrangement of both the plaintiff and his attorney each bringing filings. *United States v. Kosmel*, 272 F.3d 501, 506 (7th Cir. 2001).

In light of these principles, plaintiff's filings in this action are unacceptable. Plaintiff's counsel has not signed the complaint despite being required to do so under Rule 11(a). All of the documents submitted appear to be pro se documents, but plaintiff cannot file documents pro se because he is represented by counsel.

Plaintiff's counsel is instructed to submit a proposed amended complaint in conformance with his Rule 11 obligations by no later than thirty days after the entry of this order. Plaintiff's motions for appointment of counsel and law library access (Dkt. Nos. 4, 5), are denied because plaintiff has already obtained his own counsel, and so he has no need for access to the law library.